<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

REBECCA ANN SCHNEIDER,        :
           :
           :
        Plaintiff,        :        Civil Action No.  11-2266 (SRC)
           :
        v.        :        **OPINION**
           :
DARSHAN SHAH et al.,        :
           :
           :
        Defendants.        :

<u>CHESLER, U.S.D.J.</u>

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, filed by Defendants Darshan Shah, Fairleigh Dickinson University, and Rita DeLillo (collectively, "Defendants").  For the reasons that follow, the motion will be granted.

## ANALYSIS

### I.    Summary Judgment Legal Standard

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  "In considering a motion

for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at

2

trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## II.    Defendants' motion for summary judgment

Defendants have moved for summary judgment on both counts in the Amended Complaint: 1) Count One asserts a failure to make reasonable accommodations in violation of the Americans with Disabilities Act ("ADA"); and 2) Count Two asserts violations of New Jersey's Law Against Discrimination ("NJLAD").

Count One of the Amended Complaint specifically cites Chapter 126 of the ADA, which begins by stating this "general rule:"

> General Rule.  No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  This general rule is followed by provisions governing its construction. Plaintiff's grievances in this case deal with issues of receiving accommodations for her claimed disability in an educational setting.  Such grievances largely fall within the scope of the following provision which defines "discrimination" in the general rule:

> a failure to make reasonable modifications in policies, practices, or procedures,

3

>    when such modifications are necessary to afford such goods, services, facilities,
>    privileges, advantages, or accommodations to individuals with disabilities, unless
>    the entity can demonstrate that making such modifications would fundamentally
>    alter the nature of such goods, services, facilities, privileges, advantages, or
>    accommodations . . .

42 U.S.C. § 12182(b)(2)(A)(ii).  Thus, to prove an ADA violation at trial, Plaintiff must prove

that Defendants failed to make such reasonable modifications.

    Because Plaintiff bears the burden of proof of these violations at trial, Defendants satisfy

their initial summary judgment burden by pointing to the absence of evidence to support

Plaintiff's case.  The burden then shifts to Plaintiff to offer sufficient evidence to allow a jury to

find in her favor at trial.  It is at this point that Plaintiff's opposition shows a crucial procedural

defect.  In this district, L. Civ. R. 56.1(a) sets forth certain procedural rules for the briefing of

motions for summary judgment and the presentation of evidence.  L. Civ. R. 56.1(a) states:

>    The opponent of summary judgment shall furnish, with its opposition papers, a
>    responsive statement of material facts, addressing each paragraph of the movant's
>    statement, indicating agreement or disagreement and, if not agreed, stating each
>    material fact in dispute and citing to the affidavits and other documents submitted
>    in connection with the motion; any material fact not disputed shall be deemed
>    undisputed for purposes of the summary judgment motion. In addition, the
>    opponent may also furnish a supplemental statement of disputed material facts, in
>    separately numbered paragraphs citing to the affidavits and other documents
>    submitted in connection with the motion, if necessary to substantiate the factual
>    basis for opposition.

Plaintiff has submitted an opposition brief in opposition to Defendants' motion for summary

judgment which lacks the required responsive statement of material facts.  Thus, pursuant to this

rule, Plaintiff has failed to responsively dispute the facts asserted by Defendants, and the

"material fact[s] not disputed shall be deemed undisputed for purposes of the summary judgment

motion." L. Civ. R. 56.1(a).  Plaintiff did include within the opposition brief a statement of facts,

but it does not specifically address any paragraph in Defendants' 56.1 Statement and does not qualify as the responsive statement of material facts required by L. Civ. R. 56.1. Pursuant to L. Civ. R. 56.1(a), then, every supported factual statement in Defendants' 56.1 Statement is deemed undisputed.

Defendants point to evidence establishing the following basic facts, which are now deemed undisputed. Plaintiff enrolled in a paralegal studies program at Fairleigh Dickinson University (the "University") in the fall of 2010. On the first day of classes, October 21, 2010, all students were given the Paralegal Studies Program Guidelines (the "Guidelines"), and Plaintiff read the Guidelines and returned a signed document attesting to the fact that she had read them. (Defs.' 56.1 Stmt. ¶ 7.) The Guidelines set forth an attendance and lateness policy, which state that any student who misses more than 3 classes in Corporate Law will be required to repeat the course. (Defs.' 56.1 Stmt. ¶ 8.) The Guidelines also set forth a policy about appealing a grade, stating that a student wishing to appeal a grade must first contact the course instructor within 14 days of the issuance of the grade, and that failure to abide by the 14-day limitation constitutes a waiver of the right to appeal. (Defs.' 56.1 Stmt. ¶ 9.) In November of 2010, Plaintiff failed the Estates, Trusts and Wills exam and course. (Defs.' 56.1 Stmt. ¶ 12.) Plaintiff missed five classes out of a total of 13 in the Corporate Law course. (Defs.' 56.1 Stmt. ¶ 16.) On March 28, 2011, Plaintiff was notified that she had not passed Corporate Law due to excessive absences. (Defs.' 56.1 Stmt. ¶ 21.) Plaintiff's first communication that asserted a disability to any of the Defendants was a letter faxed by her father on March 31, 2011. (Defs.' 56.1 Stmt. ¶ 25.) On April 21, 2011 – 22 days after the first communication asserting disability – Plaintiff filed the instant lawsuit. By the end of June, 2011, Plaintiff and the University had

5

worked out an arrangement such that Plaintiff was able to complete the requirements of her program and obtain her paralegal certification.  (Defs.' 56.1 Stmt. ¶ 37.)

The Court now turns to Plaintiff's opposition brief to determine whether, in light of the facts deemed undisputed, Plaintiff has submitted sufficient evidence to allow a jury to find in her favor at trial.  Plaintiff's opposition brief states: "Plaintiff concedes that the obligations of the defendant only started when plaintiff put FDU on notice of plaintiff's disability and requested accommodations . . ."  (Pl.'s Opp. Br. 1.)  Plaintiff clearly states that her case concerns only events which occurred after the date she notified the University of her alleged disability, March 31, 2011.  Plaintiff's opposition brief presents a number of contentions:

Defendants violated the ADA and NJLAD by:

    a.    unreasonably delaying actions;

    b.    not engaging in the interactive process by refusing to discuss options with Plaintiff's father/counsel;

    c.    unilaterally imposing accommodations without input from Plaintiff's father/counsel;

    d.    refusing to consider the accommodations that Plaintiff's father/counsel suggested in a letter dated April 20, 2011;

    e.    dealing with the Plaintiff individually even though she was represented by counsel; and

    f.    imposing unreasonable demands for medical documentation.

(Pl.'s Opp. Br. 3.)  These contentions fall into three basic groups: 1) violations based on unreasonable delay; 2) violations based on failure to participate in the "interactive process" by communicating with Plaintiff's father/counsel (Pl.'s Opp. Br. 12); and 3) violations based on demands for documentation.  In addition, the brief contends that there are claims for money

damages and for an order compelling the University to remove the failing grade in Estates from Plaintiff's transcript.  (Pl.'s Opp. Br. 4.)

The Court now examines the Statement of Facts included in Plaintiff's opposition brief to ascertain whether Plaintiff has offered evidence sufficient to prove any of these contentions. First, Plaintiff offers no evidence of unreasonable delay.  To the contrary, Plaintiff points only to evidence that the University took a steady stream of responsive actions to address this situation in April and May of 2011.  Defendants' factual assertion that Plaintiff had completed her work for the paralegal certification in June of 2011 has been deemed undisputed – not that Plaintiff has disputed it.  The undisputed evidence thus shows that the University took complete responsive action to Plaintiff's requests within a three-month time frame.  No reasonable finder of fact could conclude that the University engaged in unreasonable delay.

Before considering the evidence relevant to Plaintiff's "interactive process" claim, this Court must determine what the law requires.  Plaintiff argues that Defendants failed to participate in a required "interactive process," and cites to one district court decision within this Circuit, Mucci v. Rutgers, 2011 U.S. Dist. LEXIS 21580 (D.N.J. Mar. 3, 2011).  In that case, Plaintiff points to a single sentence:

> The Third Circuit requires both parties to act in good faith by engaging in an
> interactive process for purposes of identifying and agreeing on a reasonable
> accommodation. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 311-14 (3d Cir.
> 1999) (imposing good-faith obligation in employment context).

Id. at *62.  Taylor is an employment case in which the Third Circuit did indeed hold that a federal regulation, 29 C.F.R. § 1630.2(o)(3), applied to that case and required the parties to engage in an interactive process in good faith.  Taylor v. Phoenixville Sch. Dist., 184 F.3d 296,

312 (3d Cir. 1999).  That regulation, appearing in a section of the federal regulations subtitled "Regulations to Implement the Equal Employment Provisions of the Americans with Disabilities Act," states:

> To determine the appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation. This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.

29 C.F.R. § 1630.2(o)(3).

Neither <u>Taylor</u>, nor the cited regulation, helps Plaintiff in this case.  While <u>Taylor</u> is an employment case, and 29 C.F.R. § 1630.2(o)(3) is a regulation that appears to have been intended specifically to implement the ADA in the employment context, this Court predicts that the Third Circuit would find <u>Taylor</u> relevant in an educational context.  Pointing to <u>Taylor</u>, and thus to the relevant regulation, truly backfires for Plaintiff, for two reasons: 1) the evidence shows that the University satisfied the regulation; and 2) the evidence shows that, to the extent that any good faith participation obligation on the part of the disabled person is implied, Plaintiff did not.

Section 1630.2(o)(3) requires that the entity "initiate an informal, interactive process with the individual with a disability."  The evidence in this case shows that the University fully satisfied the requirements of this guideline: it engaged in an **informal** process with the **individual with a disability**.  Plaintiff's contention that the University refused to deal with her attorney is an argument directed to a formal process.  The undisputed evidence shows that the University engaged in an informal process with the individual with a disability.  Plaintiff has shown no basis for the claim that the ADA and/or the NJLAD required the University to deal with her attorney.  Plaintiff has not shown that the University's alleged refusal to communicate

8

with her attorney is actionable under the ADA or NJLAD.

More importantly, however, the evidence shows that Plaintiff frustrated the University's efforts to engage her in an interactive process by filing suit 22 days after notifying the University of her disability.  This Court holds, as a matter of law, that the University's legal obligation to participate in an interactive process ended on the day Plaintiff filed suit.  It is entirely unreasonable to file suit in federal court – a clear signal that alternative dispute-resolution processes have failed – but to expect the University to continue a cooperative and interactive dispute resolution process.

This Court thus considers Plaintiff's claim that the University violated the ADA by failing to engage in an interactive process by examining the evidence of events in that 22-day period.  The evidence shows that, on March 31, 2011, Plaintiff's father/counsel faxed a letter to Rita DeLillo which, in brief, stated Plaintiff's spinal injuries, asserted that Plaintiff exceeded the allowance for absences because of this condition, and stated: "special allowances should be made in her case as she could easily slip and fall and further damage her back condition."  (McDonald Cert. Ex. K.)  On April 5, 2011, Plaintiff's father/counsel faxed a letter to Darshan Shah which expanded on the letter of March 31, explaining about Plaintiff's psychiatric history and depression, and asserting an appeal of Plaintiff's failing grades for the Estates examination and course in November of 2011.  (McDonald Cert. Ex. M.)  The letter concludes by stating that, if Plaintiff's father is unable to resolve these problems "as her advocate," he will file suit in federal district court.  (Id. at 3.)  In plain English, Plaintiff's father/counsel threatened to sue 5 days after he notified the University of the problem.

The evidence shows a University Disability Disclosure form, dated April 8, 2011, which

appears to have been completed by Plaintiff and given to Darshan Shah, which only claims "spinal fusion" as an impairment.  (McDonald Cert. Ex. W.)  Accompanying this form is a handwritten note dated April 8, 2011, from Plaintiff to Darshan Shah, explaining her difficulties in terms of her back problems – no reference is made to any psychiatric disabilities – and asking for accommodations.  (McDonald Cert. Ex. W.)

The record shows a letter from Clifford A. Taylor, M.D. to Rita DeLillo, dated April 22, 2011, briefly documenting Plaintiff's asserted disabilities and asking the University to waive the attendance requirement for Plaintiff's Corporate Law Class.  (McDonald Cert. Ex. R.)

The record also shows the billing statement provided by Plaintiff's father/counsel for services in April of 2011.  (McDonald Cert. Ex. V.)  The billing statement documents the time spent on the March 31, 2011 letter to Rita DeLillo, an April 14, 2011 letter to Darshan Shah, and time entries for two letters on April 15, 2011.  The first time entry refers to a letter to Darshan Shah troubled about Shah's request for Plaintiff's medical records, which took 3 hours for Plaintiff's father to copy.[1]  The second time entry refers to a letter to Darshan Shah that confirms the progress of discussions of solutions with the University, but nonetheless includes a copy of the complaint that Plaintiff's counsel was drafting.  The next entry is for April 20, 2011, for time spent on a letter to Darshan Shah, "advising him of my dissatisfaction with his complete failure to make reasonable accommodations and my explanation as to why his limited efforts were inadequate. . .  Advised I would be filing suit."  (McDonald Cert. Ex. V at 2.)  The billing statement shows that Plaintiff's counsel electronically filed the Complaint on March 21, 2011.

---

[1] This appears to refer to a letter dated April 14, 2011 in which Plaintiff's father/counsel relayed that his daughter had said that the University had refused to look at her medical records, and asked for a status update on the situation.  (Pl.'s Opp. Br. Ex. EE.)

This history of this 20-day period is pieced together from various parts of the record. The factual statement in Plaintiff's opposition brief refers to many of these communications, and also alleges that Shah sent Plaintiff emails on April 14, 2011 and April 18, 2011. Plaintiff also points to a letter, dated April 19, 2011, from University attorney Wayne Richardson to Plaintiff's counsel, stating that he had received the threat of litigation that Plaintiff's counsel had sent to Shah, and asking counsel to direct future communications to him. (Pl.'s Opp. Br. Ex. W.)

The record thus shows that Plaintiff's father/counsel waited 5 days from notification before threatening to sue, 14 days from notification before backing up the threat by sending a draft complaint, and 20 days from notification before notifying the University that he was filing suit.[2] The billing statement entry for April 15, 2011 suggests that Plaintiff's father/counsel was sufficiently satisfied with the progress made with the University that he wrote that he would "stop work on the Complaint." (Pl.'s Opp. Br. Ex. V at 2.) This is certainly evidence tending to suggest that the University was making satisfactory efforts to resolve the situation as of April 15, 2011. It is unclear what happened over the next five days such that Plaintiff decided to litigate.

Having searched the record and, making every reasonable inference in favor of the Plaintiff, this Court does not evidence from which a reasonable jury could conclude that, during those 20 days, the University failed to engage in an interactive process aiming to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3). As discussed above, this Court

---

[2] The Complaint, as filed on April 21, 2011, alleges that the University "fail[ed] to act promptly or within a reasonable time of notification to the problems." (Compl. ¶ 8(h).) Considering the Complaint in the context of the record presently before this Court, this raises the question – which this Court need not reach at this juncture – of whether that pleading complies with the requirements of Federal Rule of Civil Procedure 11(b).

finds that the record as a whole shows that the University complied with the requirements of 29

C.F.R. § 1630.2(o)(3).  Plaintiff has offered no evidence showing that, during the relevant 20-day

period, the University did not make the necessary initial efforts to comply with the regulation.

      As to Plaintiff's claim that the University imposed unreasonable demands for

documentation, again, this Court looks first to the question of the relevant legal requirements,

and finds none.  Plaintiff cites no law that sets any standard that defines what is an unreasonable

documentation demand.  All that Plaintiff alleges, however, is that the University first

"demanded proof of disability" and then "insisted upon a medical note or report from a treating

doctor."  (Pl.'s Opp. Br. 7.)  Plaintiff asserts that she sent the University a file of medical records

in response to its initial request for documentation.  As evidence of the University's response to

this submission, Plaintiff cites to a copy of an email, dated April 14, 2011, sent to Plaintiff by

Defendant Shah.  (Schneider Cert. Ex. AA.)  This email states: "I went through your documents.

In order to waive your penalty for exams (10 points each), I need you to submit legitimate

documentation explaining why you did miss midterm and final exam.  The documents you had

submitted, do not specifically say that why you were absent for those specific days/exams."  (Id.)

This appears entirely reasonable, and Plaintiff has given no basis to conclude otherwise.  Plaintiff

has shown neither a legal basis for holding the University liable under the ADA or the NJLAD

for its single request for additional documentation, nor does this Court find any evidence

suggesting that the University's requests for documentation were unreasonable.

      Lastly, as to Plaintiff's requests for money damages and the order changing Plaintiff's

transcripts, Plaintiff's brief does not state a legal justification for these requests, nor an

evidentiary basis for granting them.  Plaintiff has not submitted sufficient evidence to allow a

jury to find in her favor at trial as to any of the contentions stated in the opposition brief.

Nor does this Court find any evidence of record to support a claim of failure to make reasonable accommodations in violation of the ADA.  This Court finds that the undisputed evidence shows that the University made reasonable accommodations to Plaintiff.  Plaintiff admits that, once she notified the University of her disability, the University made accommodations sufficient to allow her to complete her educational program quickly.

Moreover, the evidence suggests that the University was extremely accommodating under the circumstances, and that it was Plaintiff that acted unreasonably.  Given Plaintiff's signed acceptance of the Paralegal Program Guidelines, and given that the evidence supports only the inference that Defendants have acted in accordance with the cited Guidelines, there is no evidence to support a claim for failure to make reasonable accommodations, as referenced in 42 U.S.C. § 12182(b)(2)(A)(ii).  This Court holds, as a matter of law, that requested modifications that conflict with educational policies that have been accepted in writing, which are requested after the fact and which therefore constitute a retrospective attempt to change the agreement already accepted, and which relate to a period in which no notice of disability has been given, cannot be reasonable.

To the contrary, Plaintiff's position is entirely unreasonable, and quite unfair.  Although this is not a case about a legal contract, from an equitable perspective, Plaintiff and the University entered into an agreement when Plaintiff signed and accepted the Guidelines on the first day of class.  Had Plaintiff requested modifications at that time to accommodate her alleged disabilities, it would be an entirely different matter.  For whatever reason, Plaintiff chose to accept the University's Guidelines, to give no notice of any disability, and to proceed with her

schooling on these terms.  From an equitable perspective, Plaintiff and the University entered into an agreement.  The University relied on that agreement as it provided its program in paralegal studies to Plaintiff.  Plaintiff now seeks, in essence, to rescind and rewrite that agreement once she became dissatisfied with some of its terms.  This Court sees no legal or equitable justification for this.  Certainly the Americans with Disabilities Act does not entitle Plaintiff to receive the relief she seeks.

Furthermore, the undisputed evidence shows that, from the time of first notification of disability until Plaintiff completed the program, not more than three months elapsed.  The undisputed evidence is that the University acted promptly to remedy Plaintiff's grievances and to accommodate her, so that Plaintiff swiftly achieved her desired educational goal.  It appears that it is Plaintiff who acted unreasonably.  After notifying the University of her disability on March 31, 2011, Plaintiff waited all of 22 days before filing suit in this Court – and then has the nerve to accuse the University of failing to engage in good faith in an interactive process.  The evidence shows that the University worked to accommodate her needs such that she was able to complete her program in June of 2011, but she continued to prosecute this action – to what end is unclear.

As already stated, "[a] nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason, 243 F.3d at 138.  Plaintiff has failed to offer sufficient evidence to allow a jury to find any failure to make reasonable modifications under 42 U.S.C. § 12182(b)(2)(A)(ii).  No jury could conclude that Defendants have discriminated against Plaintiff under the ADA.  As to Count One, Defendants have shown that they are entitled to judgment as a matter of law, and Plaintiff has failed to defeat Defendants' motion for summary judgment.

14

Count Two alleges wrongful and discriminatory treatment in violation of the NJLAD. Defendants contend that New Jersey Courts have held that New Jersey law requires that educational institutions make reasonable accommodations for disabled students. See, e.g., Ellison v. Creative Learning Center, 383 N.J. Super. 581, 594 (N.J. Super. Ct. App. Div. 2006). Defendants also point to this relevant regulation:

> An owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation shall make reasonable accommodations to the limitations of a patron or prospective patron who is a person with a disability, including making such reasonable modifications in policies, practices, or procedures, as may be required to afford goods, services, facilities, privileges, advantages, or accommodations to a person with a disability, unless the owner, lessee, proprietor, manager, superintendent, agent or employee of the place of public accommodation demonstrates that making the accommodations would impose an undue burden on its operation.

N.J.A.C. §13:13-4.11(a).  The point is that, like the federal law, New Jersey requires only "reasonable" accommodations.  As this Court has already explained, Plaintiff's after-the-fact requests cannot constitute requests for reasonable accommodations.

Plaintiff has failed to offer sufficient evidence to allow a jury to find any failure to make reasonable accommodations under N.J.A.C. §13:13-4.11(a).  No jury could conclude that Defendants have discriminated against Plaintiff under the NJLAD.  As to Count Two, Defendants have shown that they are entitled to judgment as a matter of law, and Plaintiff has failed to defeat Defendants' motion for summary judgment.

In conclusion, Plaintiff's opposition brief concedes that "FDU's obligations under the law only commenced when they received plaintiff's March 31, 2011 notice."  (Pl.'s Opp. Br. 18.) Both the federal and the state law applicable to this case require only reasonable modifications and accommodations.  This Court finds no material factual disputes and concludes that Plaintiff

has failed to demonstrate that, after March 31, 2011, Defendants discriminated against Plaintiff by failing to make reasonable accommodations.  Plaintiff's after-the-fact request to change the rules that she agreed to and lived with does not constitute a request for a reasonable accommodation.   Plaintiff has failed to defeat Defendants' motion for summary judgment, which will be granted.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants have demonstrated, pursuant to Federal Rule of Civil Procedure 56, that there are no genuine issues of material fact and that the evidence establishes that they are entitled to judgment as a matter of law.  Defendants' motion for summary judgment is granted.  Judgment on the Amended Complaint in its entirety will be entered in Defendants' favor.

　　　　　　　　　　　　　　　　　　 /s Stanley R. Chesler
　　　　　　　　　　　　　　　　STANLEY R. CHESLER
　　　　　　　　　　　　　　　　United States District Judge

Dated: April 9, 2012